IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronnie C. Lever, | ) | |
| | ) | C/A No.: 3:12-cv-03108-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Jackson National Life Insurance Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Ronnie C. Lever ("Plaintiff") is a citizen and resident of Lexington County, South Carolina. ECF No. 8, p. 2. Defendant Jackson National Life Insurance Company ("Defendant") is a corporation organized and existing under the laws of Michigan. Id. Defendant provides a policy of life insurance coverage to Plaintiff. ECF No. 1-1, p. 2. The life insurance policy includes a provision that requires the insurer to waive premium payments if the insured becomes totally disabled. ECF No. 8, p. 1. According to Defendant, the policy defines "total disability" as "the complete incapacity of the insured person to perform his own job during [the] first year of disability." Id. After the first year, "total disability means the complete incapacity of the insured person to earn any income or do any work for which such insured person is reasonably fitted by education, training or experience." Id. In 2008 or 2009, Plaintiff notified Defendant that he was totally disabled and requested that Defendant waive his premium payments.[1] ECF No. 1-1, p. 2; ECF No. 8, p. 1. After reviewing Plaintiff's condition, Defendant denied his request based upon its finding that Plaintiff was not totally disabled pursuant to the

---

[1] In his complaint, Plaintiff alleges that his request occurred in or about 2009. Defendant, however, claims that Plaintiff's request took place in February of 2008.

terms of its insurance policy.  ECF No. 8, pp. 1-2.

On September 27, 2012, Plaintiff filed an action in the Court of Common Pleas for Lexington County, South Carolina, alleging that he is totally disabled and entitled to a waiver of his insurance premium payments.  ECF No. 1-1, pp. 2-3.  In his complaint, Plaintiff alleges that "the total amount in controversy in this case is less than $75,000.00."  Id. at 2.  Specifically, Plaintiff claims that Defendant failed to waive approximately $1,500.00 in premium payments.  Id.  In his prayer for relief, Plaintiff sought "a refund of premiums paid back to the point of disability," costs, and a reasonable attorney's fee.  Id. at 3.  Plaintiff did not identify a specific damage amount in his complaint.  On October 26, 2012, Defendant removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332.  ECF No. 1.  Plaintiff filed a motion to remand this action to state court on November 2, 2012.  ECF No. 7.  Defendant responded to Plaintiff's motion to remand on November 6, 2012.  ECF No. 8.

## LEGAL STANDARD

Defendant removed this action to federal court pursuant to 28 U.S.C. § 1441.  Section 1441 provides, in pertinent part:

> (a) . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendant based federal jurisdiction on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Under that statute, a district court has original jurisdiction over a civil action if it consists of parties with diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  28 U.S.C. § 1332.  If removal is challenged, the defendant has the burden of establishing federal jurisdiction.  Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Because federal courts are courts of limited jurisdiction, removal raises

federalism concerns and must be strictly construed in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.

## ANALYSIS

The parties do not dispute that diversity of citizenship exists. The issue before the court is whether the amount in controversy requirement for diversity jurisdiction has been met. In response to Plaintiff's motion to remand, Defendant contends that the amount in controversy requirement has been met for three reasons. First, Defendant argues that the amount in controversy exceeds $75,000 because Plaintiff claims attorney's fees. Second, Defendant contends that removal is appropriate because its notice of removal parallels the jurisdictional requirements for a complaint in federal court. Finally, Defendant asserts that Plaintiff's limitation on the amount in controversy "is ineffective because it does not consider attorney's fees, nor does it limit recovery to a sum less than $75,000." ECF No. 8, p. 8. The court disagrees.

With regard to Defendant's argument that the amount in controversy is met because of the Plaintiff's attorney's fees, Defendant asserts that the Plaintiff's attorney has been involved in "this . . . complex matter" since 2008. Id. at 3. Also, Defendant contends that Plaintiff has to prove "two highly fact-specific claims:" (1) that Plaintiff was totally disabled under the terms of the insurance policy and (2) that Defendant breached its contract with Plaintiff. Id. Defendant asserts that to prove these claims, Plaintiff will have to review "numerous medical records" and prepare for and attend numerous depositions. Id. Thus, according to Defendant, "these depositions, alone, will result in attorney's fees in the tens of thousands of dollars." Id. at 4. Furthermore, as Defendant argues, "a trial on this matter would last, at a minimum, several days." Id.

Generally, "the sum claimed by a plaintiff in his complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." W.A. Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 427 (D.S.C. 2005). This is because "the plaintiff is the master of his complaint." Chavis v. Fid. Warranty Servs., Inc., 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)). As a result of these long-standing principles, many courts, including several in this district, have "declined to adopt an approach under which the court undertakes its own independent review of the amount in controversy despite a specific limitation on damages in the plaintiff's complaint." Jones v. Allstate Insurance Co., 258 F. Supp. 2d 424, 427 n. 2 (citing Spann v. Style Crest Prods., Inc., 171 F. Supp. 2d 605, 608-09 (D.S.C. 2001)). Other courts have taken a different approach, finding removal proper if the defendant can prove to a legal certainty or by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995). The Fourth Circuit has not adopted a standard regarding this issue. Brooks v. GAF Materials Corp., 532 F. Supp. 2d 779, 781-82 (D.S.C. 2008).

The courts that have decided to look beyond the plaintiff's limitation on recovery note the potential for manipulation. See Cook v. Medtronic Sofamor Danek, USA, Inc., 9:06-CV-01995-RBH, 2006 WL 2171130 at *3 (D.S.C. July, 31, 2006) (discussing cases). In 1988, Congress imposed a one-year limitation on removal of diversity cases after the action is commenced. Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1016(b)(2)(B), 102 Stat. 4642, 4669-70 (1988). In light of this amendment, some courts have expressed concern that a plaintiff may intentionally limit recovery to escape federal jurisdiction, then amend the

pleadings above the jurisdictional amount once the one-year removal limitation period has passed.  See Hamilton v. OSI Collection Services, Inc., 2:10–CV–1740–MBS, 2010 WL 4226016 at * 3 (D.S.C. Oct. 20, 2010); Cook, 2006 WL 2171130, at * 3.  In 2011, however, Congress amended Section 1446(c) to include a bad faith exception.  Federal Courts Jurisdiction & Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105, 125 Stat. 760 (2011).  The 2011 amendment to Section 1446(c), which became effective January 6, 2012, provides, in pertinent part:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c).

The court construes the language in Plaintiff's complaint as a purposeful limitation on recovery below the jurisdictional amount.  In the first paragraph of his complaint, Plaintiff contends that the "amount in controversy is less than $75,000.00."  ECF No. 1-1, p. 2. Furthermore, in his memorandum in support of the motion to remand, Plaintiff asserts that "[i]t is impossible for this case to amount to the jurisdictional limit of $75,000.00."  ECF No. 7-1, p. 1. This court agrees with the reasoning of those courts that have "declined to adopt an approach under which the court undertakes its own independent review of the amount in controversy despite a specific limitation on damages in the plaintiff's complaint."  Jones, 258 F. Supp. 2d at 427 n. 2  (citing Spann, 171 F. Supp. 2d at 608-09).  This reasoning is consistent with well established Supreme Court precedent: "If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938).  Even if this court looks beyond

Plaintiff's limitation on recovery, Defendant has failed to show, by any standard, that Plaintiff's recovery will exceed $75,000.00. Defendant's speculative claims about what Plaintiff's counsel could incur as attorney's fees is insufficient to confer jurisdiction upon this court.

Defendant next argues that it is entitled to removal because its notice of removal parallels the jurisdictional requirements for a complaint in federal court. In support of its argument, Defendant cites <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192 (4th Cir. 2008). In <u>Ellenburg</u>, the Fourth Circuit addressed a district court's *sua sponte* order remanding a case to state court because the defendant's notice of removal contained a procedural defect. Id. at 194. Specifically, the district court found that "the Notice of Removal's allegation that the value of the matter in controversy exceeded the sum of $75,000 was 'inadequate to establish' the jurisdictional amount, because it failed to 'allege facts adequate to establish' the amount." <u>Id.</u> The Fourth Circuit held that "it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." <u>Id.</u> at 200. In reaching its conclusion, the Fourth Circuit reasoned that the language of 28 U.S.C. § 1446(a) (requiring "a short and plain statement of the grounds for removal") is intentionally parallel to the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure (requiring "a short and plain statement of the grounds for the court's jurisdiction"). <u>Id.</u> at 199. The Fourth Circuit summarized its reasoning as follows:

> [J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332," so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.

<u>Id.</u> at 200 (internal citations omitted).

Here, Defendant argues that it is entitled to removal because its notice of removal meets the requirements established in Ellenburg. However, the Fourth Circuit's conclusion in Ellenburg addressed situations where a district court remands a case based on a procedural defect in the notice of removal. Ellenburg does not prevent a court from remanding a case based on substantive jurisdictional grounds. The issue before this court is *not* a procedural defect but rather a substantive issue: whether the amount in controversy requirement for diversity jurisdiction has been met. Assuming no procedural defect exists in Defendant's notice of removal, it is still appropriate to remand this case for lack of subject matter jurisdiction. As the court noted above, Defendant's allegations do not overcome Plaintiff's intentional limitation on recovery, nor does it prove, by any standard, that the amount in controversy has been satisfied.

In its final allegation, Defendant contends that Plaintiff's limitation on the amount in controversy "is ineffective because it does not consider attorney's fees, nor does it limit recover to a sum less than $75,000." ECF No. 8, p. 8. Furthermore, as Defendant argues, Plaintiff "does not request a judgment in an amount less than $75,000 or disclaim any judgment over this amount." ECF No. 8, p. 7. While a disclaimer of monetary damages in excess of $75,000 in support of a plaintiff's limitation on recovery is evidence of good faith, it is not a requirement. Plaintiff's motion to remand does not depend upon him issuing such a disclaimer, nor will this court impose such a requirement. Moreover, Defendant's allegations, in effect, suggest that Plaintiff's limitation on recovery was made in bad faith. The court recognizes the potential for manipulation after remand. However, no evidence of bad faith has been presented, and this court will not presume such bad faith on the part of Plaintiff's counsel. Moreover, Congress addressed this concern when it enacted a bad faith exception to section 1446(c)'s one-year limitation on removal. 28 U.S.C. § 1446(c).

**CONCLUSION**

For the reasons stated above, this court concludes that it lacks subject matter jurisdiction. Therefore, Plaintiff's motion to remand is **GRANTED.** This case is hereby **REMANDED** to the Lexington County Court of Common Pleas.

IT IS SO ORDERED.


/s/ Margaret B. Seymour
Senior United States District Judge


February 5, 2013

Columbia, South Carolina